UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RONALD MENDES, <br><br>                Petitioner, <br><br>    v. <br><br>DANIEL WHITE, <br><br>                Respondent. | CASE NO. C18-5041 BHS <br><br> ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge (Dkt. 8), and Petitioner Ronald Mendes's ("Mendes") objections to the R&R (Dkt. 9).

On May 22, 2018, Judge Christel issued the R&R recommending that the Court deny Mendes's petition on the merits. Dkt. 8. On June 3, 2018, Mendes filed objections. Dkt. 9.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In this case, Mendes's objections fail to identify any error in the R&R. The main problem with Mendes's objections and petition is that he fails to identify any conclusion by the state court that is contrary to or an unreasonable application of clearly established federal law. Mendes asserts that his case was a close call between self-defense and felony murder such that any error by the prosecutor could have tipped the scales in favor of a conviction. Unfortunately for Mendes, that is not the legal standard on federal habeas review. Instead, the standard for a due process violation is misconduct that "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). Ineffective assistance requires a showing that the state court's conclusion was "objectively unreasonable." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). Mendes has failed to meet either of these standards, and habeas relief on an individual error basis is not warranted.

Mendes also argues that the Court should engage in a cumulative error analysis. Dkt. 9 at 3–4. "The Supreme Court has clearly established that the combined effect of multiple trial court errors violates due process where it renders the resulting criminal trial fundamentally unfair." *Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007) (citing *Chambers v. Mississippi*, 410 U.S. 284, 298 (1973)). "[T]he fundamental question in determining whether the combined effect of trial errors violated a defendant's due process rights is whether the errors rendered the criminal defense 'far less persuasive.'" *Id.* at 928 (quoting *Chambers*, 410 U.S. at 294). The Ninth Circuit has "granted habeas relief under the cumulative effects doctrine when there is a 'unique symmetry' of otherwise harmless errors, such that they amplify each other in relation to a key contested

issue in the case." *Ybarra v. McDaniel*, 656 F.3d 984, 1001 (9th Cir. 2011) (quoting *Parle*, 505 F.3d at 933). In this case, Mendes has failed to identify multiple errors or, more importantly, a unique symmetry of errors related to a key contested issue. As such, Mendes has failed to meet his burden to establish that his trial was fundamentally unfair.

Therefore, the Court having considered the R&R, Mendes's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Mendes's petition is **DENIED** on the merits;

(3) A Certificate of Appealability is **DENIED**; and

(4) The Clerk shall enter a JUDGMENT and close the case.

Dated this 21st day of August, 2018.

BENJAMIN H. SETTLE
United States District Judge